Gloria Torres on behalf of Jason Stephen Wallace. May it please the court, counsel. The facts in this case indicate that viewed in their totality the factors that the agent relied on to stop the vehicle in which Mr. Wallace was a passenger and Mr. Schultz was the driver did not amount to reasonable suspicion. All of the factors that the agent had relied upon, if you add them all up together, did not add up to reasonable suspicion. These factors apply to a large number of people who live, visit, and travel within the State of Arizona and near the border. This case took place very close to the border, and the stop essentially was based upon the observations of one agent. The magistrate granted the motion to suppress, and then the district judge didn't accept the representation, or the magistrate recommended that and the district judge didn't accept that. Are you saying that really the facts aren't disputed, it's just a question of what the law is, or what's your position on this? Our position is that there was a substantive mistake in the district court's assessment of, and based upon his review of the transcript in the case. Was it a legal mistake? Yes, it was. The legal and, I believe, also factual and procedural. So what was the legal mistake? Was it the credibility analysis? Yes, even though the magistrate did not express it in terms of a credibility analysis, clearly it was a credibility analysis. Well, he did say he didn't believe some of it, or some did not seem to be true, didn't he? That's correct, and that is why. Is there some degree, I mean, he said that some didn't seem to be true as it related to whether some car could go outside the city limit of Phoenix. However, he also seemed to suggest that the record was not, in what he thought, clear, or he was again making a credibility analysis on determining how long a car could be in the parking lot. Was that a credibility analysis? That was a credibility analysis as well. Were there any other credibility analysis that he engaged in? Yes, there were. What? For example, the indication that when the car stopped in front of the gas pumps, that that indicated some deceptive maneuver. Well, did he say that was subject to credibility determination? Yes, I believe. I didn't read. What part of the magistrate report suggests that that is something he rejected on a credibility analysis? He indicated that there was no evidence presented to indicate that this behavior was an effort to maneuver, to conceal their actions. Is that really a credibility analysis? Is that just weighing the evidence presented? I believe that it was a credibility analysis in that the agent indicated that it was a fake gas up, that it was an intentional maneuver on the part of the defendants to deceive any agents that might have been in the vicinity. However, the magistrate judge indicated that there was absolutely no evidence presented at all that this was any form of deception or any of. So no credible evidence? I mean, no evidence at all. Seems to me there was some evidence which could be a weighing. Was he really making a credibility analysis on that point? In that he did not assess it in the same way that the agent did. Well, in that he didn't assess it even in his opinion in the same way he assessed how far the car could go outside of Phoenix. He said that just isn't true. Well, that's true. And also, it was contradicted by another agent. Counsel, let me tell you what's causing me concern about your case. Even if we agree with you that the credibility was placed at issue, it was only placed at issue as to a limited amount of the testimony, was it not? What is the issue was what facts were at issue regarding credibility? The fact that this was based on one agent's observation. What was based on one agent's observation? The decision to stop the car was based on one agent's observations, essentially. I thought that the credibility was with respect to one aspect of the testimony, that is to say, the rental car agreement and that aspect of the testimony. In that the agent was flatly contradicted by his own opinion. Right. I understand. As to that point. Yes. As to that point. But the rest of the rest of the testimony, what took place prior to that didn't seem to me to be at issue with respect to credibility. It may be there may be a question about whether that standing alone rises to the level of probable cause, but I didn't think that there was any credibility question as to that part of the testimony. I think also that. Just a second. I'm sorry. Am I mistaken about that? There are more instances. The length of time that the car was seen in the parking lot, that the. There is credibility. There is a dispute in the testimony on that? Yes. As to which was placed in credibility? As far as the magistrate judge's ruling. All right. We'll all have to take a look at the record. One thing that the magistrate judge said, and this is wrote in his report and recommendations. The evaluation of all the facts presented can lead to two equally appropriate conclusions. Something illegal may have occurred or nothing illegal occurred. Why doesn't that right there end the inquiry? I mean, that, you know, if something illegal could have occurred, why isn't that reasonable suspicion? Why does the magistrate get to superimpose his view of it as opposed to the officer's view and just completely write that out? Again, because it was a credibility issue. There were a number of instances in which the agent. Well, no, obviously the officer has a lot more expertise than the judge about a lot of these things. I mean, you can't. He didn't say the officer didn't have that experience. He didn't say the officer hadn't done the things that he had done. He just said there's two ways you can look at it. One, that it's illegal. The other, that it isn't. That seems to undercut what the magistrate decided. If there's two ways to look at it, one leads to illegality, the other not, why isn't that reasonable suspicion? It sounds like I rest my case. Actually, it was the overall. And can innocent conduct, seemingly innocent conduct, be enough to raise probable cause? It certainly can, but not to the extent where it would apply to a large number of people that are just going about their normal lives, and that was exactly the case. Well, actually, they weren't innocent because when they got in there, they had a bunch of dope in the car. At the point in time. Yeah, so, I mean, what you're saying is if you want to characterize them as innocent people, you know, that's, we've got to get back to the reasonable suspicion. You're sort of overreaching there because as it turns out, they did have dope in their car. The officer was right. As it applies, it was a hunch, and it was a hunch. A pretty good hunch. A hunch that panned out, but it was not reasonable suspicion. This, the factors that he relied on are things that apply to almost everyone that travels through there, through that court of entry. Let me ask you the final question. You're taking all your partner's time, but the bottom line is, if the district court had explicitly said that he was accepting all the credibility determinations but rejecting the magistrate's legal conclusions or legal analysis, can we affirm the district court? No. He did not. Why not? He did not say that. He and you could. Well, I didn't say what he didn't say. You're asking. It's not hypothetical. I said if he had explicitly said. He rejected it in its entirety. So you don't want to answer my question? I'm sorry. I thought I had answered it. Well, the question isn't whether he rejected it in its entirety. I know what happened. What if he had said he was accepting all the credibility determinations made by the magistrate, but rejected the magistrate's legal analysis? Could we affirm the district court? Perhaps if he had carried out a de novo hearing. It doesn't have anything to do with a de novo hearing. What I'm saying is we're talking about what determinations need to be determined upon seeing and viewing the witnesses. If, in fact, the district court had said, well, the magistrate did see and view these witnesses, so as to what he did on credibility, I'll accept it and I'll throw those facts out, was there still sufficient facts in this record to prove that the magistrate would be wrong? In other words, couldn't the district court apply a legal analysis on facts have nothing to do with credibility? I guess I don't know the answer to that question, but it seems to me that if he applied it, he applied the district court, applied it wrong. Well, I appreciate that's where you're going, but it seems to me like you are being hyper-technical on what the district court has to say. Does the district court have to say, I accept the magistrate court's analysis of credibility, but nonetheless, I don't find sufficient evidence to go where the magistrate's going? Is that what you're requiring him to say? Or can the district court just say, nothing, and just take those facts that have nothing to do with credibility and make its own determination? I believe that he does have to make some sort of credibility assessment. All right. You represent Mawalis, correct? Yes. All right. Thank you. All right. We'll put the clock back to 5 for Mr. Schultz, lawyer. May it please the Court. My name is Sajeev Ateel. I'm a lawyer out of Nogales, Arizona. Most of the cases cited here probably happened. You represent Mr. Schultz, right? That's correct. Now, Mr. Schultz never said that the court had to have an evidentiary hearing. Just basically, Mr. Schultz just disagreed that the district judge got it wrong on the facts that were in front of him, right? That's correct, Judge. So if, in fact, the district judge had made an evidentiary, had made a credibility call, the district judge would have had to have an evidentiary hearing. And you didn't think that happened, right? That didn't happen in this case. I mean, there was credibility issues raised by the district court in this case. But did it raise to the level that I think the ultimate issue in this, even if the credibility issues like Judge Smith just has said, has been set aside, if you take the facts, the remaining facts as it is, I don't believe it raised to the level of reasonableness required under a revisual analysis. So it wasn't your position that there had to be a hearing. You're just saying the district court got it wrong, that there wasn't reasonable suspicion. It was a hunch. It was a hunch, Judge. And he could rely on all the facts that were in the record that were presented by the policeman, regardless of whether they were credible or not, he could rely on them. If he relies on the statements and giving at least due difference, as he has stated, that I'm giving, I'm throwing out the credibility analysis, he has done that. He didn't ever say anything about throwing out any credibility analysis. He's really not making a credibility analysis in his whole argument. What he's stating is based on the facts as it is. So you're waiving any argument about needing a hearing, and all you're saying is I can look at the record, and from the record, there is no credibility problem, so I can look at everything the police said, and there still is no justification for the stop. That is correct, Judge. And what is your understanding of what aspect of the testimony was subject to a credibility attack? Judge, the credibility analysis in this case took place as to a company called Saban Rent-A-Car. That's what I understand. Saban Rent-A-Car is a local company which operates in the Phoenix metropolitan area, and they do rent cars on a local basis. That's pretty much everyone knows that. Defense counsel, as I did, I tried to get into a comparison between that. That's part of the record, and we did try to compare it to national chains and see if those cars are also being, however, the government objected and the magistrate judge sustained the objection. Therefore, I was not able to get into that part of it. Therefore, government should not be given the ability to now argue for some reason that is helpful to them. That's the problem with that whole analysis, and the Saban issue is a red herring. Saban, subsequently, if you look at the rest of the records, it clearly shows that they do rent cars, which does travel. It was limited to one car. There was a testimony by Officer McCormick, subsequently came in and said, during my daily muster, I passed out that one car was involved in that. It does not get into all the cars as they have expanded. Well, if I were to believe, if I look at the record, it seems to me I've either got to believe one officer or the other officer as to what happens to those cars, because one officer says one thing and one says another. So how do I, without making a credibility analysis, determine that? Judge, if the Court were to make the analysis, then I didn't raise that issue. I would urge the Court to at least allow me to join in on my co-counsel's argument on that matter. Well, it's waived now. Technically, I could ask the Court's indulgence in allowing me to join in on that. That's all I could say on that issue, because I took it as a one argument, because in this case, this was Highway 85, which does travel away from the border. This was two days before Thanksgiving in a parking lot where there's a duty-free shop, a motel, and a gas station. That's all part of the record. People buy merchandise from the duty-free shop and walk across the border and walk right back in order to, that way they can buy duty-free items. That's what that parking lot exists. If again ---- Okay. And that's the innocent behavior. Then there's the other that could be the illegal behavior, because there's testimony of the officers about that there's a lot of smuggling and staging going on and the fake gassing up and the coming back. But that's so you ---- so why isn't, if the magistrate said there's an innocent way to look at it and there's an illegal way to look at it, why isn't that the end of the story? If we are to take the ---- that argument, Judge, every car parked, every car passing through a local port of entry with thousands of tourists going through, they would be subjected to the same analysis. That, I don't believe the Court wants a fishing net with that much hole in it. Well, but the problem comes in that you're really at a different point then. If you're going to suggest this is a weighing analysis, at that point the district court has a chance to weigh that evidence as much as the magistrate court did. And at that point, he is really given pretty free reign since there wouldn't even be a hearing if he hadn't referred it to the magistrate court. And coming to me, I would have to find that he totally abused his discretion in this particular matter in making the determination he did. So you've got two bad facts against you, if that's your argument. So how are you going to get around those? If the judge is to make a credibility analysis, yes, then I'm ---- Well, we're not talking about credibility. You suggest it isn't. You suggest it's merely a weighing of the evidence. If it's a weighing of the evidence, the district court doesn't have to give any, doesn't have to have a hearing, doesn't have to give any deference to the magistrate. He just weighs the evidence. And when it comes to me, I do it on abuse of discretion. In this particular case, Judge, I believe the district court taken the totality of the evidence. It still doesn't raise to the suspicion necessary, Judge. Okay. All right. If there's no further questions, you've both exceeded your time. I'll consider giving you a minute each on rebuttal, but I'll consider that after we hear from the other side because we've exceeded your side. But thank you. May it please the Court, I'm Bob Miskell from the U.S. Attorney's Office in Tucson on behalf of the United States. I'm sorry, I didn't get your name? Bob Miskell. Okay, thank you. Thank you. Judge Callahan, you've pointed out the key defect in the magistrate's report and recommendation. It's that the magistrate himself concluded that the evidence was susceptible of two interpretations, one innocent, one establishing that there was criminal activity at fault. Well, just a minute. Before you get to that point, why did he say that some was true, was not so true, if he's just making a weighing of the evidence? Do you want me to read his report to you? Well, no, but let me, okay. I mean, it seems to me, it seems to me that when you say that some is not true, I just can't think that it's true as to the officer's testimony, that's certainly a credibility determination. Okay, let me address the, there were, Ms. Torres, I don't know, three areas where she claims there were credibility determinations. The first one was about the length of the car, the length of time the car was in the parking lot. The evidence in the case was undisputed that the car was in the parking lot, the agent observed the car in the parking lot two and a half hours. Yes. The evidence was also undisputed that the agent testified that the typical traffic pattern of cars in the parking lot is that they had 30 to 45 minutes. Well, that is some, but the other part of the evidence in the record as well is that some people come and park all day. That actually, I don't see that in the record. And what the, if you read the magistrate's report. You want me to read it to you? I mean, I'm just trying to suggest that that is, those are facts that are contradictory to one another. Your argument may be that doesn't have anything to do with credibility. It has to do with weighing, but I don't think you can suggest that's not in the record. I think what it, if you, again, looking at the magistrate's report and recommendations specifically on page four, the magistrate is making assumptions that are not supported by the record as to why that fact is contrary. For example, that this is, I'm quoting from the magistrate's report, that is to say no one associated with the Gringo Pass business area was seen placing any notice of the defendant's vehicle stating that its presence was unwarranted. And that, on the contrary, seems to be true. Persons are probably allowed to park in the area, go into Mexico and return. Again, that's not really supported by the record. What you have supported by the record is the agent saying, based on his experience, two and a half hours is an inordinately long time and different from the normal traffic. Let me ask you a preliminary question. Okay. You argue in your briefs that I should review this on plain air review. But when I read Ridgeway, it suggests there's no procedural burden on the defendant to request that the district court take live testimony. So why is it plain air if they didn't need to request it? I — if, in fact, they are suggesting — Read Ridgeway. I mean, I'm taking exactly the language. No procedural burden on the defendant to request that the district court take live testimony. They didn't request a hearing, but there was no procedural burden on them to request one. Furthermore, the magistrate had already ruled in their favor. And so, therefore, there would be no reason to request one. So why are you arguing this is plain air review? Because I — again, because they do not highlight for the district judge what they're claiming the problem is. All right. Let me ask you another question. As I read the district court's decision, he threw out the magistrate's report in its entirety. I think that's a fair reading of it. All right. Why, then, doesn't he in entirety reject any credibility determination of the magistrate? And if he's rejecting the credibility determination of the magistrate by throwing out the report, that's plain air. I think the dispute is whether the magistrate actually really made credibility determinations, as opposed to the inferences to be drawn from the evidence. So you're suggesting that what the magistrate said on the record about what wasn't true is not a credibility determination? I'm saying, as I was explaining on the length of time in the parking lot, I don't think his — he is — the magistrate is basically speculating on what the norm is. He doesn't reject — for example, he does not reject the agent's testimony that the car was there two and a half hours. He does not reject the agent's testimony that the typical time of cars in that parking lot is 30 to 45 minutes. He just draws a different conclusion based on — on something that really isn't in the record. Is there, in your view, enough residual evidence as to which credibility is not at issue upon which a determination of probable cause could be made? Yes. And that is — And what is the basis of your argument? The basis of the argument is, I think the key evidence that hasn't been discussed yet is what the agents observed as being — as the agents referred to it as a fake gas-up. And again, this was where the car comes into the gas pumps, stops for a while, and then goes off. The agent said, again, uncontested in their experience, that is a technique smugglers use to kind of conceal their travel to the back of the building where, again, every — all the agents testified it was a notorious smuggling area. However, the agent himself who made the stop said that wasn't enough. It wasn't enough for him to make a stop until he had decided that that person had driven outside the city limits of Phoenix. And outside the city limits of Phoenix was based on the exact credibility determination the magistrate was making. Okay. First, here we are not bound by what the agent thought. It's whether the facts that are in the record establish it. Whether the agent was — Well, wait a second. Are you saying that even if the agent didn't think there was enough on that basis alone, that the court can say, oh, yes, there was? I think — I think that's what you're saying. I am saying — what I'm saying is if the facts support — if this Court finds the facts — You're basically — you're basically imposing some kind of a harmless error approach to this case. Let me ask you this. Do either Bergara or Ridgway allow of a harmless error analysis with respect to these types of issues? They certainly both — Ridgway in the other case — Bergara. Bergara. Or Bergera. I say it. I don't know. I don't know how you pronounce it either. Look, I'm out of my water here. He's the guy. He's got the — I know Ridgway does a harmless error analysis, but that's in the context of the court heard the testimony anyway. The district court heard the testimony anyway at trial, but it does do essentially a harmless error analysis, yes. Excuse me one second. One of them actually had a jury trial, so the district court then actually heard the evidence, and could make its own credibility. And we don't have that here, so it's distinguishable. But going back to your question, Judge, if in fact the facts support probable cause, what I'm saying is the agent's legal determination — because you're not probable cause, reasonable suspicion. The agent's individual analysis of whether that reasonable suspicion exists or not isn't really a factor. It's what the facts establish. We don't go into what the subjective is. Well, but if the agent testified that the car couldn't go outside Phoenix or whatever, and the agent really didn't even believe that, then that would — the agent would have to believe that to be part of the reasonable suspicion. Right. And he did testify he was part of his calculation in stopping the vehicle. Talking about the rental car, let me address that for a second. There was some, I would say, conflicting information about what the geographical limitations of the cars were. But the — all the agents that talked about the Sabin rental car, all of them said it was a company they were familiar with because it was used by — those cars were frequently used by smugglers. The — one of the agents testified specifically that basically that is because, unlike the major national rental car companies, Sabin accepted a cash deposit rather than requiring a credit card imprint. They all agreed that that was the factor. Now, if you look at the Bordertrow case, it appears from the record, and if you look at — it was Agent McCormick's testimony. He said the Bordertrow had, quote, many, many contacts with Sabin rental cars, and that information about them is passed on to the agents, quote, all the time. So it's very possible the agents just had different information. Let me pose a hypothetical to you, which I think is pretty pertinent. If the magistrate thought Officer Wieneke's statement was untrue regarding Sabin's rental policy, couldn't this also have affected the — Wieneke's credibility as to all other statements he gave? It could, but the magistrate certainly did not state that. Well, the magistrate said it was untrue as to this, and he questioned whether the length of time in the parking lot made a difference. So we could say maybe there was a credibility about that. Once establishing there was no credibility, does he really have to give any kind of deference to the police as to their experience if he doesn't find them credible? Again, that is, if the magistrate had written his recommendation that way, that would be certainly — I think he could do that. I don't think he did do that. So wouldn't it be easier for us then to say, send this back to the district court and say to him, if you're going to make credibility determinations, have a hearing. If you're not, we can't really say what the magistrate did. I don't think that's necessary. And I think that it would be an unnecessary burden on the court. If the magistrate wanted to make sure they would credit that to em— I — if I may, on that point, it just seems to me — I just found that the quote that I was looking for, the magistrate judge did say with respect to the car at the parking lot, in fact the contrary seems to be true. Right. And then noted that people often park at a lot, walk over to the duty-free shop, and then come back later. But he did seem to me to at point place that aspect of the testimony at issue as well on credibility. But again, the test— That makes it a tougher case for you, because now we've got the judge disagreeing with the magistrate on several key credibility points. It doesn't leave you a lot. I do not think that the record supports the magistrate's conclusion on that point. Well, it doesn't mean — but the whole thing is sending it back and telling the district judge you have to do a hearing before you come to that conclusion doesn't mean that you lose, per se. It doesn't mean that they win, per se. It just means that if you have to have a hearing before you can make that determination. And like I said, I think that's unnecessary burden on the district court. And let me just close on that. Well, unless there's other questions, you're over your time. I have no other questions. No questions. So thank you. And I have no questions of the defendants either. I have no further questions. All right. Well, everyone's used all of their time and more, so that'll conclude this matter. It'll be submitted. Thank you. Thank you both for your insights for answering our questions. Next matter on calendar is — And, frankly, good argument, because the questions were right at you, and good argument for all of you. Thank you very much. I'm sorry. I just said you did a good job. Thank you.  I apologize. The judge was not able to go. All right. Well, no, we've read everything before we came here, and we asked the questions that we wanted to ask, and that's the important thing. Thank you.
judges: Lucero, Callahan, Smith